**Peter SEITZMAN, M.D.,**
**Plaintiff–Appellant,**

v.

**SUN LIFE ASSURANCE COMPANY OF CANADA, Defendant–Appellee.**

**Docket No. 00–7877.**

United States Court of Appeals, Second Circuit.

April 2, 2001.

Gregory Antollino, New York, NY, for appellant.

David K. Fiveson, Butler, Fitzgerald & Potter, New York, NY, for appellee.

Present SOTOMAYOR, KATZMANN, Circuit Judges, and BERTELSMAN, District Judge.*

*SUMMARY ORDER*

UPON DUE CONSIDERATION of this appeal from a judgment of the United States District Court for the Southern District of New York (Loretta A. Preska, *Judge*), it is hereby

* The Honorable William O. Bertelsman, of the United States District Court for the Eastern District of Kentucky, sitting by designation.

ORDERED, ADJUDGED AND DE-CREED that the judgment of the district court is AFFIRMED.

Appeal from a judgment of the United States District Court for the Southern District of New York (Loretta A. Preska, *Judge*) dismissing plaintiff-appellant Peter Seitzman's claim for total disability benefits under a group long-term disability insurance plan (the "Plan") administered by defendant-appellee Sun Life Assurance Company of Canada ("Sun Life").

Following a bench trial, the district court found that Seitzman was not entitled to total disability benefits under the Plan because he had failed to establish that "because of Injury or Sickness," he was "unable to perform the material and substantial duties of his own occupation."

In an appeal from a district court's decision in a bench trial, we review the district court's findings of fact for clear error and its conclusions of law and applications of the law to the facts *de novo*. *White v. White Rose Food*, 237 F.3d 174, 178 (2d Cir.2001).

Contrary to Seitzman's contention, the district court did not employ an erroneous legal standard in concluding that Seitzman was able to perform the material and substantial duties of his occupation. In downplaying the importance of the possibility that Seitzman was performing fewer medical procedures in the weeks preceding June 8, 1998 than he had performed during the preceding years, the district court was not erroneously presupposing that an insured is totally disabled under the Plan only if he is "totally incapacitated." Rather, we take the district court to be saying that, even assuming that Seitzman had reduced the number of procedures he was performing in the weeks preceding June 8, 1998, Seitzman failed to establish that this reduction was "because of Injury or Sickness" rather than an occurrence required by Seitzman's employment agreement, under which Seitzman had agreed to gradually transfer his practice to another doctor.

Second, we reject Seitzman's contention that the district court's findings of fact were clearly erroneous. Although the medical evidence presented at trial established that Seitzman was suffering from a variety of illnesses during the relevant time period, the district court did not clearly err in concluding that this evidence did not establish that Seitzman was unable to perform the material and substantial duties of his occupation. A significant portion of the evidence presented by Seitzman in support of his contention that these illnesses were disabling consisted of Seitzman's own testimony and the testimony of his treating physician and his expert witness that was heavily based on Seitzman's own descriptions of his abilities. On the basis of ample evidence, the district court found Seitzman's testimony to be lacking in credibility. Therefore, the district court justifiably disregarded much of the evidence presented to show that Seitzman was unable to perform the duties of his occupation.

Finally, Seitzman's contention that the district court erred in failing to consider its claim for partial disability benefits under the Plan is without merit. Because Seitzman neither presented this claim to Sun Life nor raised it to the district court, the district court can hardly be faulted for not addressing it.

We have considered Seitzman's remaining arguments and find them to be without merit. For the reasons discussed, the judgment of the district court is hereby Affirmed.